**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**DISTRICT OF DELAWARE**

Case number *(if known)* _____   Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy                06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Weatherford Cushion Company** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **n/a** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **75-1421078** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **107 Trumbull St., Building G-1 Elizabeth, NJ 07206** | **P.O. Box 2019 Ocean, NJ 07712** |
| | | Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Union** | **Location of principal assets, if different from principal place of business** |
| | | County | |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://pegasushomefashions.com** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor   **Weatherford Cushion Company**

Name

Case number *(if known)* _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**3149** _____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| District | When | Case number |
|---|---|---|
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.

List all cases. If more than 1, attach a separate list.

Debtor   **See Schedule 1, attached**   Relationship _____

District _____   When _____   Case number, if known _____

Debtor    **Weatherford Cushion Company**                                    Case number (if known)
_____
          Name

**11. Why is the case filed in this district?**    Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard?    _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**    _____
                             Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.    Insurance agency    _____
          Contact name        _____
          Phone                _____

---

**■ Statistical and administrative information**

**13. Debtor's estimation of available funds**    Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**
(on a consolidated basis)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated Assets**
(on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**
(on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor    **Weatherford Cushion Company**                                    Case number (if known) _____
_____
Name

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/24/2023
_____
MM / DD / YYYY

**X** */s/ Timothy Boates*                                    **Timothy Boates**
_____        _____
Signature of authorized representative of debtor                Printed name

Title    **Chief Executive Officer**
_____

**18. Signature of attorney**

**X** */s/ Michael R. Nestor*                            Date    08/24/2023
_____        _____
Signature of attorney for debtor                            MM / DD / YYYY

**Michael R. Nestor**
_____
Printed name

**Young Conaway Stargatt & Taylor, LLP**
_____
Firm name

**1000 North King Street, Wilmington, DE 19801**
_____
Number, Street, City, State & ZIP Code

Contact phone    **(302) 571-6600**        Email address    **mnestor@ycst.com**
_____

**3526 (DE)**
_____
Bar number and State

## Schedule 1

### Pending Bankruptcy Cases Filed by the Affiliated Entities

On the date hereof, each of the affiliated entities listed below (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). Contemporaneous with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Pegasus Home Fashions Intermediate Inc. | 87-1703275 |
| Pegasus Home Fashions, Inc. | 51-0450867 |
| Pegasus Home Fashions Purchaser Inc. | 87-1712857 |
| Weatherford Cushion Co. | 75-1421078 |

**ACTION BY UNANIMOUS WRITTEN CONSENT**
**OF THE BOARD OF DIRECTORS OF**
**WEATHERFORD CUSHION COMPANY**

August 24, 2023

The undersigned, constituting the board of directors (the "**Board**") of Weatherford Cushion Company, a Texas corporation (the "**Company**"), hereby takes the following actions and adopts, approves, and consents to the following resolutions by written consent as of the date set forth above:

**WHEREAS**, management of the Company is vested in the Board pursuant to Article II Section 4 of the *By-Laws of Weatherford Cushion Company*, and section 21.401 of the Texas Corporation Law (the "**TCL**");

**WHEREAS**, pursuant to Section 21.415 of the TCL, the Board is authorized to take any action required or permitted by the TCL without a meeting if all members of the Board, consent to the action in writing;

**WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Company, and the Company's business on the date hereof, including the assets of the Company, and current and long-term liabilities of the Company, and the recommendations of the Company's legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding for the Company under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and

**WHEREAS,** the Board has determined that it is in the best interests of the Company and the Company's stakeholders, creditors, and other interested parties to commence a case under the provisions of chapter 11 of the Bankruptcy Code, and the Board of the Company has consented to the filing of a voluntary petition under the provisions of chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT:**

**Commencement and Prosecution of Bankruptcy Case**

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, members, and other interested parties, that a voluntary petition (the "**Petition**") be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") commencing a case (the "**Bankruptcy Case**") under the provisions of chapter 11 of the Bankruptcy Code; and it is

**FURTHER RESOLVED**, that the form, terms, and provisions of, the execution, delivery and filing of, and the performance of the transactions and obligations contemplated by the Petition be, and they hereby are, authorized, approved and adopted in all respects; and it is

**FURTHER RESOLVED**, that any officer, director or other authorized person of the Company or any of their delegates (each, an "**Authorized Person**" and, collectively, the

"**Authorized Persons**") shall be, and each of them, acting along, hereby is, authorized, directed, and empowered on behalf of and in the name of the Company (i) to execute and verify the Petition and all documents ancillary thereto, to cause such Petition to be filed with the Bankruptcy Court commencing a chapter 11 case (the "**Bankruptcy Case**"), and to make or cause to be made prior to the execution thereof any modifications to such Petition or ancillary documents, and (ii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents necessary, appropriate, or desirable in connection with the foregoing, with such changes, additions, and modifications thereto as the Authorized Persons executing the same shall approve, such approval to be conclusively evidenced by the Authorized Persons' execution and delivery thereof; and it is;

**FURTHER RESOLVED**, that each of the Authorized Persons of the Company or his, her, or their designees shall be, and each of them acting alone hereby is, authorized, directed and empowered, in the name of and on behalf of the Company, to pay all expenses, including advisors' fees and retainers, taxes, consent payments, indemnities, and filing fees, in each case as in such Authorized Person's judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, with all of such payments to be conclusive evidence of such approval and that such Authorized Person deemed the same to be so necessary, appropriate or advisable; and it is

**Retention of Professionals**

**FURTHER RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("**Young Conaway**"), be and hereby is, authorized, directed, and empowered to represent the Company as bankruptcy counsel to represent and assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is

**FURTHER RESOLVED**, that RAS Management Advisors, LLC ("**RAS**"), be and hereby is, authorized, directed, and empowered to provide the Company with a chief executive office and support personnel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate motion to retain the services of RAS in the Bankruptcy Case; and it is

**FURTHER RESOLVED**, that Epiq Corporate Restructuring, LLC ("**Epiq**"), be and hereby is, authorized, directed, and empowered to serve as the notices, claims, solicitation, and balloting agent, and administrative advisor to assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights

and obligations; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Epiq; and it is

**FURTHER RESOLVED**, that SSG Advisors, LLC ("**SSG**"), be and hereby is, authorized, directed and empowered to serve as investment banker to assist the Company with a restructuring or a sale of the Company's assets and in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of SSG; and it is

**FURTHER RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered to employ any other professionals to assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, with power of delegation hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary; and it is

**FURTHER RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, with power of delegation, hereby is authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel and other professionals and to take and perform any and all further acts and deeds that the Authorized Persons deem necessary, proper or desirable in connection with the Bankruptcy Case, with a view to the successful prosecution of such case; and it is

**FURTHER RESOLVED**, that each of the aforementioned retained advisors of the Company is hereby authorized to take any and all actions necessary or desirable to advance the Company's rights and obligations and facilitate the commencement of the Bankruptcy Case; and it is

**Debtor-in-Possession Financing**

**FURTHER RESOLVED**, that, in connection with the commencement of the Company's Bankruptcy Case, each of the Authorized Persons is authorized and directed, to the extent necessary, on behalf of the Company, as debtor and debtor-in-possession, to negotiate, obtain, execute, deliver, and guarantee postpetition financing and use of cash collateral according to the terms negotiated, or to be negotiated, by, or on behalf of, the Company or otherwise approved by the Bankruptcy Court; and the Company is hereby authorized and directed to take all actions

necessary in connection therewith, including, without limitation (i) the use of cash collateral and the incurrence of debtor in possession financing in such amounts and on such terms as the Authorized Persons deem necessary or advisable (collectively, the "**DIP Financing**"), (ii) the execution and delivery of any documents to evidence the DIP Financing, including, without limitation, all term sheets, credit agreements, and notes, (iii) the incurrence and payment of fees, (iv) the execution and delivery of real property and personal property (including intellectual property) and security agreements (and amendments, supplements, and modifications thereto, as appropriate), (v) the granting of liens on and security interests in any and all assets of the Company, (vi) the authorization of filing and recording, as applicable, of financing statements, agreements, mortgages, or any other documents evidencing and perfecting such liens or security interests and amendments to such financing statements, agreements, mortgages or other documents, (vii) the acknowledgement of debt and liens of existing loans, (viii) the payment of interest to the Company's existing lenders, and (ix) the execution and delivery of deposit, securities, and other account control agreements (and amendments, supplements, and other modifications thereto, as appropriate), and the Authorized Persons are hereby authorized and directed to execute any appropriate agreements and related ancillary documents on behalf of the Company in connection with the foregoing; and it is

## General

  **FURTHER RESOLVED**, that the Authorized Persons be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Company, to perform the obligations of such Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Persons performing or executing the same shall approve, and the performance or execution thereof by the Authorized Persons shall be conclusive evidence of the approval thereof by the Authorized Persons and by the Company; and it is

  **FURTHER RESOLVED**, that the Authorized Persons be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform under such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of the Authorized Persons, shall be necessary, proper, and desirable to prosecute a successful completion of the Company's Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debts, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by these resolutions, the authority thereunto to be evidenced by the taking of such actions; and it is

  **FURTHER RESOLVED**, that the Authorized Persons be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Company, to take such actions and execute and deliver such documents as may be required or as the Authorized Persons may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations,

affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Persons shall approve, the taking or execution thereof by the Authorized Persons being conclusive evidence of the approval thereof by the Authorized Persons and the Company; and it is

**FURTHER RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of these resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and it is

**FURTHER RESOLVED**, that facsimile, photostatic, or other electronic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the original

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF,** the Board of the Company has executed this action effective as of the date first written above.

By: _____ */s/ Sanjay Marken* _____
Name:  Sanjay Marken
Title:  Director

By: _____ */s/ Matthew Kahn* _____
Name:  Matthew Kahn
Title:  Director

[Signature Page to Weatherford Cushion Co. Chapter 11 Filing Resolutions]

<table>
<tr><td colspan="2">Fill in this information to Identify the case:</td></tr>
</table>

Fill in this information to Identify the case:

Debtor Name:   Pegasus Home Fashions, Inc.

United States Bankruptcy Court for the:      District of Delaware

Case Number (If known):

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1  HEBEI TEXTILES 42 XISANZHUANG STREET, SHIJIAZHUANG HEBEI  50071 CHINA | SZHANG@HBBED.COM; JGAO@HBBED.COM; WANGJIE@HBTEX.COM | TRADE CLAIM | | | | $904,075.42 |
| 2  BEBE TOUSEEF ANWER SQAURE 7 EDEN VALLEY CHAK 204 RB FAISALABAD, PUNJAB  PAKISTAN | TOUSEEF@BBJANPAK.COM | TRADE CLAIM | | | | $659,710.50 |
| 3  SUN FIBER LLC 1247 FREDERIC DRIVE RICHBURG, SC  29729 | JARRIN.KREGER@SUNFIBERLLC.COM; JOHN.HELMIG@SUNFIBERLLC.COM | TRADE CLAIM | | | | $549,008.90 |
| 4  REINDEER CONSULTANTS REINDEER CONSULTING GROUP 4403 15TH AVENUE, SUITE 520 BROOKLYN, NY  11219 | INFO@REINDEERCONSULTANTS.COM | PROFESSIONAL FEE CLAIM | | | | $536,643.00 |
| 5  PRE-ABI/US CUSTOMS AND BORDER PROTECTION 1300 PENNSYLVANIA AVENUE NW WASHINGTON, DC  20004 | | TRADE CLAIM | | | | $500,122.86 |
| 6  ZHEJIANG LIUQIAO HOME TEXTILE CO. LTD 583HFGP XIAOSHAN DISTRICT HANGZHOU ZHEJIANG  CHINA | | TRADE CLAIM | | | | $341,021.40 |

**Debtor:** Pegasus Home Fashions, Inc.

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7   KKP FINE LINEN PVT LTD<br>88 SALEM ROAD, NAMAKKAL - 637 001,<br>TAMIL NADU<br>INDIA | RAKESH.MAKKAR@GMAIL.COM | TRADE CLAIM | | | | $305,071.20 |
| 8   STANDARD FIBER, LLC<br>919 EAST HILLSDALE BLVD<br>SUITE 100<br>FOSTER CITY, CA  94404 | PEGGYCHIU@STANDARDFIBER.COM;<br>SALLYMAN@STANDARDFIBER.COM | TRADE CLAIM | | | | $256,614.80 |
| 9   INTERNATIONAL PAPER<br>P.O. BOX 644095<br>PITTSBURGH, PA  15264 | MEREDITH.PUCKETT@IPAPER.COM | TRADE CLAIM | | | | $255,150.51 |
| 10  GP CORRUGATED LLC<br>ATTN HUMMINGBIRD DIGITAL PRINT SOLUTIONS<br>P.O. BOX 743348<br>LOS ANGELES, CA  90074-3338 | ALISHA.WARRINGTON@GPAC.COM | TRADE CLAIM | | | | $254,894.88 |
| 11  GLOPAK INDUSTRIES, INC.<br>1037 STATE STREET<br>PERTH AMBOY, NJ  08861 | EUGENEG@GLOPAKINDUSTRIES.COM | TRADE CLAIM | | | | $220,086.54 |
| 12  ESSG<br>LSQ FUNDING GROUP, L.C., ESSG<br>P.O. BOX 741383<br>ATLANTA, GA  30374-1383 | INFO@EMPLOYERSOLUTIONSGROUP.COM | TRADE CLAIM | | | | $173,645.82 |
| 13  TEETEX LLC<br>90 S SPRUCE AVE, SUITE T<br>SOUTH SAN FRANCISCO, CA  94080 | TONYCHEN@TEETEXLLC.COM;<br>JAREDLI@TEETEXLLC.COM | TRADE CLAIM | | | | $168,488.48 |
| 14  VARA HOME (ON BEHALF OF SHANGHAI NUTEX)<br>SUITE 2306, GUANGQI CHENG,<br>NO 425 YISHAN ROAD,<br>SHANGHAI<br>CHINA | BWOLNO@VARAHOMEUSA.COM;<br>MMUCCIARONE@VARAHOMEUSA.COM | TRADE CLAIM | | | | $142,386.00 |
| 15  NORTHSTAR<br>94 MAPLE STREET<br>P.O. BOX 188<br>EAST LONGMEADOW, MA  01028 | NGOODMAN@NSRECYCLE.COM | TRADE CLAIM | | | | $125,604.80 |
| 16  APEX LOGISTICS INTERNATIONAL, INC<br>145-68 228TH STREET<br>UNIT  3-4<br>SPRINGFIELD GARDENS, NY  11413 | INFO@APEXGLOBE.COM | TRADE CLAIM | | | | $111,027.50 |
| 17  SHINE LOGISTICS<br>9245 LAGUNA SPRINGS DR.<br>SUITE 200<br>ELK GROVE, CA  95758 | HELPDESK@SHINELOGISTICSLLC.COM | TRADE CLAIM | | | | $100,026.00 |
| 18  PRATT INDUSTRIES<br>DBA PRATT (ALLENTOWN CORRUGATING), LLC<br>P.O. BOX 933949<br>ATLANTA, GA  31193-3949 | CPRIGGEN@PRATTINDUSTRIES.COM;<br>BJORDAN@PRATTINDUSTRIES.COM | TRADE CLAIM | | | | $97,303.44 |
| 19  ADVANCED FOAM RECYCLING AMALGAMATE PROCESSING, INC.<br>P.O. BOX 1257<br>HURST, TX  76053 | DUANE@ADVFOAMREC.COM | TRADE CLAIM | | | | $88,760.00 |

**Debtor:** Pegasus Home Fashions, Inc.

**Case Number** (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | GMR GENERATED MATERIALS RECOVERY 3444 N 27TH AVE PHOENIX, AZ 85017 | JCOHEN@GENERATED.COM; MGREEN@GENERATED.COM | TRADE CLAIM | | | | $76,814.29 |
| 21 | TRAVELERS CL REMITTANCE CENTER P.O. BOX 660317 DALLAS, TX 72566-0317 | | TRADE CLAIM | | | | $73,580.00 |
| 22 | BELL CONTAINER CORP. P.O. BOX 5728 615 FERRY STREET NEWARK, NJ 07105 | DORLOVSKY@BELLCONTAINER.COM | TRADE CLAIM | | | | $63,533.13 |
| 23 | CLIENTS FIRST 670 NORTH BEERS ST BLDG 4-2ND FLOOR HOLMDEL, NJ 07733 | | TRADE CLAIM | | | | $55,000.00 |
| 24 | THALER SEARCH GROUP, LLC 421 ALYSSA BROOKE DR; SHEPERDSVILLE, KY 40165-8519 | DTHALER@TSGSEARCH.COM | TRADE CLAIM | | | | $52,500.00 |
| 25 | STEIN FIBERS, LTD. KEY BANK LOCK BOX SERVICES P.O. BOX 714522 CINCINNATI, OH 45271-4522 | MANDY@STEINFIBERS.COM; PHILIP.WASSERMAN@STEINFIBERS.COM | TRADE CLAIM | | | | $50,680.45 |
| 26 | XING BANG NO.299, JIU SHU FANG ROAD, INDUSTRY PARK OF CAMEL,ZHEN HAI DISTRICT, NINGBO CITY ZHEJIANG PROVINCE 15202 CHINA | LIGUOPING650@126.COM | TRADE CLAIM | | | | $48,805.68 |
| 27 | MILLWOOD INCORPORATED P.O. BOX 960 VIENNA, OH 44473-0960 | GDEVATT@MILLWOODINC.COM | TRADE CLAIM | | | | $48,416.40 |
| 28 | EXCEL TEMPORARY SERVICES P.O. BOX 13188 MILWAUKEE, WI 53213-0188 | | TRADE CLAIM | | | | $42,125.37 |
| 29 | GREEN BAY PACKAGING BIN NO. 53139 MILWAUKEE, WI 53288 | CBREKKE@GBP.COM | TRADE CLAIM | | | | $38,383.51 |
| 30 | HEALTHCARESC, LLC MLILY 1 MLILY WAY WINNSBORO, SC 29180 | YIWEI.HE@HKFOAMUS.COM; LIN.CHEN@HKFOAM.COM; PEIPEI.GUO@HKFOAMUS.COM; TONI@HKFOAMUS.COM | TRADE CLAIM | | | | $36,693.00 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PEGASUS HOME FASHIONS, INC., *et al.*,[1] | Case No. 23-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
## AND LIST OF EQUITY INTEREST HOLDERS PURSUANT
## TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), and 7007.1

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy

Procedure, the above-captioned debtors and debtors in possession hereby state as follows:

1.      Debtor Pegasus Home Fashions Intermediate Inc., whose headquarters is 107 Trumbull St, Building G-1, Elizabeth, NJ 07206, is a wholly owned subsidiary of non-Debtor Pegasus Home Fashions Holdings, LLC, whose address is 107 Trumbull St, Building G-1, Elizabeth, NJ 07206.

2.      Debtor Pegasus Home Fashions Purchaser Inc. is a wholly owned subsidiary of Debtor Pegasus Home Fashions Intermediate, Inc.  Pegasus Home Fashions Purchaser Inc.'s corporate headquarters is 107 Trumbull St, Building G-1, Elizabeth, NJ 07206.

3.      Debtor Pegasus Home Fashions, Inc. is a wholly owned subsidiary of Debtor Pegasus Home Fashions Purchaser Inc. Pegasus Home Fashions, Inc.'s corporate headquarters is 107 Trumbull St, Building G-1, Elizabeth, NJ 07206.

4.      Debtor Weatherford Cushion Co. is a wholly owned subsidiary of Debtor Pegasus Home Fashions Purchaser Inc. Weatherford Cushion Co.'s corporate headquarters is 2105 Lucas Road, Weatherford, TX 76085.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, are Pegasus Home Fashions, Inc. (0867); Pegasus Home Fashions Intermediate Inc. (3275); Pegasus Home Fashions Purchaser Inc. (2857); and Weatherford Cushion Co. (1078).  The Debtors' mailing address for the purposes of these chapter 11 cases is P.O. Box 2019, Ocean, NJ 07712.

**Fill in this information to identify the case:**

Debtor name    **Weatherford Cushion Company**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)    _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule* _____
☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒   Other document that requires a declaration    **Consolidated Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **08/24/2023**     X **/s/ Timothy Boates**
                                     Signature of individual signing on behalf of debtor

                                       **Timothy Boates**
                                       Printed name

                                       **Chief Executive Officer**
                                       Position or relationship to debtor